1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
## State Court Filings

«MatterID»

Case 2:21-cv-05436-ODW-SK Document 1-1 Filed 07/06/21 Page 2 of 27 Page ID #:7
Electronically FILED by Superior Court of California, County of Los Angeles on 06/11/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal,Deputy Clerk

21STLC04431

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

|  | FOR COURT USE ONLY |
|---|---|
|  | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
   SEQUOIA FINANCIAL SERVICES, INC.; EXPERIAN INFORMATION
   SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DARRYL JACOBS,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: **Superior Court of Los Angeles** | CASE NUMBER:<br>(Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): | |
| 111 North Hill Street | **21STLC04431** |

Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R. Bacon, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 323-306-4234

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 06/11/2021 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario)    G. Villarreal | (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **TRANS UNION LLC**

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

Electronically FILED by Superior Court of California, County of Los Angeles on 06/11/2021 10:57 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal,Deputy Clerk

21STLC04431

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234    FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): DARRYL JACOBS, | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Darryl Jacobs v. Sequoia Financial Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21STLC04431 |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 11, 2021

Todd M. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Darryl Jacobs v. Sequoia Financial Services, Inc., et al. | 21STLC04431 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Darryl Jacobs v. Sequoia Financial Services, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☒ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Darryl Jacobs v. Sequoia Financial Services, Inc., et al. | |

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Darryl Jacobs v. Sequoia Financial Services, Inc., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. □ 2. ☑ 3. □ 4. □ 5. □ 6. □ 7.  □ 8. □  9. □ 10. □ 11. | ADDRESS:<br>8741 Dartford Place<br>Inglewood CA 90305 |
|---|---|
| CITY:<br>Inglewood | STATE:<br>CA |  ZIP CODE:<br>90305 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 11, 2021 _____



(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 06/11/2021 10:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal,Deputy Clerk

21STLC04431

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Upinder Kalra

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

| | |
|---|---|
| DARRYL JACOBS, | CASE NO.: 21STLC04431 |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| -vs- | 1. Violation of the Fair Debt Collection Practice Act; |
| SEQUOIA FINANCIAL SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive, | 2. Violation of the Rosenthal Fair Debt Collection Practices Act; 3. Violation of the Fair Credit Reporting Act; and |
| Defendants. | 4. Violation of California Consumer Credit Reporting Agencies Act |
| | (Amount not to Exceed $10,000) |
| | __Jury Trial Demanded__ |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant SEQUOIA FINANCIAL SERVICES, INC.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788 *et seq.* (hereinafter "RFDCPA"), both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This is also an action for damages brought by an individual consumer for Defendant SEQUOIA FINANCIAL SERVICES, INC.., Experian Information Solutions, and Trans Union LLC's violations of the

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter, "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a) (hereinafter, "CA CCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2.      Plaintiff, DARRYL JACOBS (hereinafter "Plaintiff"), is a natural person residing in Los Angeles County, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(h), a "consumer" as defined by 15 U.S.C. § 1681a.

3.      At all relevant times herein, Defendant SEQUOIA FINANCIAL SERVICES, INC. (hereinafter Defendant "SEQUOIA FINANCIAL") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5), and a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c)

4.      Furthermore, Defendant SEQUOIA FINANCIAL regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CA CCRAA. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

5.      Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (herein after Defendant "EXPERIAN"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

6.     Defendant, TRANS UNION LLC (herein after Defendant "TRANS UNION"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

7.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

8.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

10.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant SEQUOIA FINANCIAL contacted Plaintiff and reported derogatory information on Plaintiff's consumer credit report, all in connection with collection on an alleged debt.

11.     Plaintiff does not owe Defendant SEQUOIA FINANCIAL the alleged debt Defendant SEQUOIA FINANCIAL was, at all times relevant herein, attempting to collect from Plaintiff.

12.     In addition, Defendant SEQUOIA FINANCIAL reported derogatory information on Plaintiff's credit report.

13.     However, Plaintiff is informed, upon valid information and belief, that the reporting is inaccurate.

14.     In or around April of 2021, Plaintiff disputed with Defendant informing them that the debt was invalid and should not be reported on to the credit bureaus. Additionally, Plaintiff requested Defendant to validate the debt and services performed from the original creditor.

15.     Defendant, in turn, sent Plaintiff a letter addressed to Plaintiff's wife that enclosed confidential information.

16.     § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

17.     Defendant SEQUOIA FINANCIAL's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

18.

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

   b) Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

19.     Defendant SEQUOIA FINANCIAL furnished inaccurate and false information to the consumer credit reporting agencies.  This has resulted in a negative effect on Plaintiff's credit score.

20.     Such derogatory information was false, misleading, or incomplete.

21.     Defendants failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

22.     This reporting had a severely negative effect on Plaintiff's credit score.

23.     Defendant SEQUOIA FINANCIAL is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

24.     As a result of Defendants' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.  Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendants on Plaintiff's credit report.

25.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

26.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

27.     Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.
   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

28.     At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

29.     At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30.     Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

31.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

32.     Further, Defendant SEQUOIA FINANCIAL failed to notify Plaintiff of their intention to report negative information on their credit reports.  Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

33.     As a result of the above violations of the FDCPA, RFDCPA, FCRA, and CCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

<div align="center">

**COUNT I: VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT
(As to Defendant SEQUOIA FINANCIAL ONLY)**

</div>

34.     Plaintiff reincorporates by reference all of the preceding paragraphs.

35.     To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    a.     Actual damages;

        b.     Statutory damages for willful and negligent violations;

        c.     Costs and reasonable attorney's fees; and

        d.     For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT
### (As to Defendant SEQUOIA FINANCIAL ONLY)

36.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

        1.     Actual damages;

        2.     Statutory damages;

        3.     Costs and reasonable attorney's fees; and

        4.     For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (As to all Defendants)

37.    Plaintiff incorporates by reference all of the preceding paragraphs.

38.    To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

        a.     Actual damages;

        b.     Statutory damages for willful and negligent violations;

        c.     Costs and reasonable attorney's fees; and

        d.     For such other and further relief as may be just and proper.

### COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT
### REPORTING AGENCIES ACT
### (As to all Defendants)

39.    Plaintiff incorporates by reference all of the proceeding paragraphs.

40.    Defendants negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

41.    Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.    Actual damages;
B.    Statutory damages for willful and negligent violations;
C.    Costs and reasonable attorney's fees; and
D.    For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

42.    Pursuant to her right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff hereby demands, respectfully of course, a trial by jury on all issues so triable.

Respectfully submitted this 11th day of June, 2021.

By:  _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 8

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/11/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ G. Villarreal _____ Deputy |
| PLAINTIFF(S):<br>Darryl Jacobs | |
| DEFENDANT(S):<br>Sequoia Financial Services, Inc. et al | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER:<br>21STLC04431 |

Case is assigned for all purposes to the judicial officer indicated below.  Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____ 06/11/2021 _____.

|  | ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|---|
|  | Upinder S. Kalra | 26 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By G. Villarreal _____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.)  Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed.  Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed.  The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department.  Each motion date must be separately reserved and filed with appropriate fees for each motion.  Motions for Summary Judgment must be identified at the time of reservations.  All motions should be filed in the clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

LACIV ____ 001 (Rev. [03/17)
LASC Approved 09-04

2018-SJ-008-00

1
2
3
4
5
6
7

**FILED**
Superior Court of California
County of Los Angeles

**APR 18 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11   In re Civil Limited Jurisdiction Cases          )   FIRST AMENDED STANDING ORDER
12   Calendared in Department 94 (Non-Collection     )   (Effective as of April 23, 2018)
     Cases)                                          )
13   _____)

14   **TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

15          Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court

16   ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior

17   Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018

18   STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING

19   ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED

20   AND/OR HEARD IN DEPARTMENT 94.

21          1.      PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING</u>

22   <u>ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT</u>

23   <u>AND TO FILE PROOF OF SERVICE,</u> AS MANDATED IN THIS ORDER.

24          2.      The Court sets the following trial date in this case in Department 94 (7th Floor, Room

25   723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

26

27          <u>TRIAL:</u> Order to Show Cause Re: Failure to File Proof of Service: 06/14/2024
                    Non-Jury Trial: 12/09/2022
28          Date:_____ at 8:30 a.m.

---

**1**

**FIRST AMENDED STANDING ORDER**
CIVIL LIMITED JURISDICTION CASES CALENDARED IN DEPT. 94 (NON COLLECTION CASES)

2018-SJ-008-00

## SERVICE OF SUMMONS AND COMPLAINT

3.  The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u> The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.  The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

### UNSERVED PARTIES DISMISSAL DATE

_____

5.  No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

6.  All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section. All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

2018-SJ-008-00

1    7.    <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior

2    to the hearing. To access tentative rulings, parties may go to www.lacourt.org, select "Civil"

3    Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and

4    then type the case number in the box and click "Search."

5                                    **EX PARTE APPLICATIONS**

6    8.    Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and

7    served in accordance with C.R.C., Rules 3.1201-3.1207. All ex parte application fees must be paid

8    by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

9                                          **JURY FEES**

10    9.    The fees for jury trial shall be due no later than 365 calendar days after the filing of

11    the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

12                             **STIPULATION TO CONTINUE TRIAL**

13    10.    A trial will be postponed if all attorneys of record and/or the parties who have

14    appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less

15    than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be

16    filed in Department 94. A proposed order shall be lodged along with the stipulation. The Stipulation

17    and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

18                                             **TRIAL**

19    11.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on

20    all pretrial matters at least 20 calendar days before the trial date. On the date of trial, the parties shall

21    bring with them to Department 94 a three-ring binder with a table of contents containing conformed

22    copies of each of the following documents behind a separate tab.

23            1) Printed copies of the Current Operative Pleadings (including the operative

24                complaint; answer; cross-complaint, if any; and answer to cross-complaint);

25            2) Motions in Limine, if any, which must be served and filed in accordance with the

26                Local Rules, Rule 3.57;

27            3) Joint Statement of the Case (if a jury trial);

28    ///

3

2018-SJ-008-00

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.


Dated: _April 18, 2018_

DEBRE K. WEINTRAUB
Supervising Judge, Civil
Los Angeles Superior Court

FIRST AMENDED STANDING ORDER
CIVIL LIMITED JURISDICTION CASES CALENDARED IN DEPT. 94 (NON COLLECTION CASES)

2020-SJ-005-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Departments 25 & 26 (Non-Collection Cases) at the Spring Street Courthouse | **THIRD AMENDED STANDING ORDER** (Effective as of February 24, 2020) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure (C.C.P.), the California Rules of Court (C.R.C.), and the Los Angeles County Court Rules (Local Rules), the Los Angeles Superior Court (LASC or Court) HEREBY AMENDS AND SUPERSEDES THE NOVEMBER 13, 2019, SECOND AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENTS 25 & 26.

1.      PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE</u>, AS MANDATED IN THIS ORDER.

2.      The Court sets the following trial date in this case at the Spring Street Courthouse in the Limited Jurisdiction Department as reflected in the *Notice of Case Assignment:*

<u>TRIAL:</u>

Date:_____ at 8:30 a.m.

1

## SERVICE OF SUMMONS AND COMPLAINT

3.  The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint</u>. The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.  The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

<div style="border:1px solid black; padding:1em;">

### UNSERVED PARTIES DISMISSAL DATE

_____

</div>

5.  No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

All regularly noticed pretrial motions will be heard in the courtroom the case is assigned to on Mondays, Tuesdays, Wednesdays, and Thursdays at 10:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System accessed via the "Divisions" tab at the top of the webpage, and by selecting "Civil". All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

6.    Tentative Rulings may be posted on the Court's website no later than the day prior to the hearing.  To access tentative rulings, parties may go to www.lacourt.org, select "Civil" from the "Divisions" tab at the top of the webpage, then select "Tentative Rulings," and type the case number in the box and click "Search."

## EX PARTE APPLICATIONS

7.    Ex parte applications must be noticed for 1:30 p.m. in the courtroom the case is assigned to and filed and served in accordance with C.R.C., rules 3.1201-3.1207.  All electronic filers must submit the application and fees by 10:00 a.m. the day before the ex parte hearing.  Any ex parte applications exempt from electronically filing, must be submitted by 11:00 a.m. the day of the hearing, at the filing window on the first floor of the Stanley Mosk Courthouse.

## JURY FEES

8.    The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint or as otherwise provided by C.C.P., § 631, subds. (c)(2).

## STIPULATION TO CONTINUE TRIAL

9.    A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date.  If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be provided to the assigned courtroom.  A proposed order shall be lodged along with the stipulation.

## TRIAL

10.    Parties are to appear on the trial date ready to go to trial and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the date of trial, the parties shall bring with them to the courtroom where the case is assigned a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

       1) Printed copies of the current operative pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);

       2) Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, rule 3.57;

       3) Joint Statement of the Case (if a jury trial);

4)  Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5)  Joint Exhibit List;

6)  Printed and edited Joint Proposed Jury Instructions (if a jury trial), and

7)  Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: _____Feb. 24, 2020_____

SAMANTHA P. JESSNER
Supervising Judge, Civil

---

4

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2016**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016

CAROLYN B. KUHL
Presiding Judge

1

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

### Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing.  Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests [URL]. While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

### Ծանուցագիր սահմանափակ իրավասության քաղաքացիական գործերով թարգմանչական ծառայության խնդրանք ներկայացնելու համար նախատեսված առցանց դարպասի առկայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասություն քաղաքացիական վարույթների՝ անգլերենի սահմանափակ իմացություն ունեցող կողմերին։ Իսպաներենի թարգմանիչ առկայություն բոլոր դատարաններում և ապահովված է Ուստի, իսպաներենի թարգմանիչ հայու նախօրոք ներկայացնել անհրաժեշտ չէ։ Եթե իսպաներենի թարգմանիչ կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեզ լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին։ Անգլերենի սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի այլ մեկ այլ լեզվով, կարող են թարգմանչի խնդրանք ներկայացնել նախօրոք՝ նախքան իրենց լսման օրը, Դատարանի Թարգմանչական ծառայության խնդրանքերի համար նախատեսված առցանց դարպասի միջոցով [URL]։ Թեև դատարանն ամեն ինչ կանի Ձեր լսման օրն ու ժամին թարգմանչի ներկայություն ապահովելու համար, սակայն դատարանը չի երաշխավորում, որ նման ներկայություն անմիջապես հնարավոր կլինի ապահովել։ Լեզվական մատչելիության ծառայությունների վերաբերյալ հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org։

### 关于小额家庭传译员申请门户的可用性通知

在小额家庭庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在举行小额家庭庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(URL)提前申请传译员。法院会尽力按照的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACourt.org

### 통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 언어를 사용하고 영어가 능숙하지 않은 개인분은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(URL). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

### Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes [URL]. La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

### Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn.  Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (URL). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.